UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Criminal No. 04-468 (MJD/JGL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **MOLLY COHOON PEINE, a/k/a Molly S. Cohoon,** | |
| Defendant. | |

APPEARANCES

Henry J. Shea, III, Esq., Assistant United States Attorney, on behalf of Plaintiff United States of America

Douglas H.R. Olson, Esq., on behalf of Defendant Molly Cohoon Peine

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge on April 21, 2005 on Motions by Defendant. The matter is scheduled to be tried before the Honorable Michael J. Davis beginning on July 11, 2005. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and D. Minn. LR 72.1.

On December 14, 2004, Defendant Molly Cohoon Peine was indicted on one count of Bank Fraud in violation of 18 U.S.C. § 1344 (Count 1)

and one count of Embezzlement of Bank Funds in violation of 18 U.S.C. § 656 (Count 2).  The Indictment alleges that Defendant, vice president of Merchants Bank, N.A., formerly known as Hampton Bank, in Hastings, Minnesota, knowingly and wilfully executed a scheme to defraud, and embezzled, abstracted, purloined, and misapplied approximately $1,500,000 from that institution.  The Indictment also includes forfeiture allegations as to both counts.  A Superseding Indictment followed on March 15, 2005.  The Superseding Indictment includes additional specific allegations within Count 1, and adds a charge of Engaging in a Monetary Transaction Involving Criminally Derived Property in violation of 18 U.S.C. § 1957 (Count 3).  Finally, the Superseding Indictment specifies several property items that allegedly constitute or derive from proceeds traceable to Counts 1 and 2, and also includes general forfeiture allegations as to all three counts.

On January 18, 2005, this Court granted an uncontested Motion by the Government for discovery, and cancelled a scheduled pretrial motions hearing at Defendant's request.  Defendant entered a waiver of speedy trial on January 19, and Judge Davis granted her request to continue the trial and to forego her speedy trial rights on January 24, 2005.

A pretrial motions hearing was held on April 21, 2005 before this Court.  Defendant was present and represented by counsel.  No exhibits were

admitted into evidence and no witnesses testified at the hearing.  Neither party requested permission to file a post-hearing memorandum.

This Report and Recommendation addresses Defendant's dispositive Motions, while Defendant's non-dispositive Motions are addressed in an accompanying Order.  Because the dispositive Motions are not contested, this Court provides no discussion in their regard.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

(1)   Defendant's Motion for Suppression of Surveillance and Wiretaps (Doc. No. 56) should be **DENIED AS MOOT** as the Government represents that there are none; and

(2)   Defendant's Motion to Dismiss Forfeiture Count (Doc. No. 57) should be **DENIED WITHOUT PREJUDICE** as Defendant acknowledges that she has no present contentions with the Superseding Indictment, but merely wishes to preserve her right to later contest the forfeiture allegations contained therein.

Dated: April, 21 2005            s/ Jonathan Lebedoff
                                 JONATHAN LEBEDOFF
                                 Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties by May 10, 2005, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to ten pages.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.